SINGAC TRUST COMPANY, IN LIQUIDATION, BY WILLIAM H. KELLY, COMMISSIONER OF BANKING AND INSURANCE OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. TOTOWA LUMBER AND SUPPLY COMPANY, A CORPORATION, HENRY POLOMBO, AND GEORGE W. BOGEN, DEFENDANTS-APPELLANTS.

Submitted October 27, 1933—Decided January 5, 1934.

100

For the appellants, *J. Chester Massinger*.

For the respondent, *John Milton*.

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. On November 9th, 1931, the commissioner of banking and insurance of this state took over the Singac Trust Company, a banking corporation of New Jersey, and proceeded to liquidate same for the benefit of its creditors. Among the assets of this institution, the commissioner found a note of the defendants, then in default, and on April 11th, 1932, suit was started for its collection.

The defendants filed an answer and counter-claim. Both were stricken out by the trial court and judgment entered in favor of the plaintiff.

The defendants appeal from the judgment entered on the ground that it was error to have stricken the counter-claim. The counter-claim amounts to this: The defendants, between March 14th and April 2d, 1932, procured the assignment to them of some twenty accounts of other depositors of the Singac Trust Company, totaling $3,481, exclusive of interest, and set them off in the counter-claim against the amount they owed the bank on their note, which was about $3,800.

Such counter-claim was properly stricken. The assignment of the accounts in question was acquired after the bank had been taken over by the commissioner of banking and insurance. On the date that the bank was taken over, namely, November 9th, 1931, these depositors, who later assigned their accounts to the defendants, were merely creditors of the bank and were entitled, under the statute (*Cf. Pamph. L.* 1931, *ch.* 255), to *pro rata* participation in the amount realized through the liquidation of the bank's assets. Natural justice would seem to require that such assignment be not recognized for, obviously, such recognition would create a preference in favor of the accounts so assigned. These assignors being nothing more or less than common creditors of the institution, their status, as such, cannot be changed by the mechanics of assignment which would, as here, create a preference.

"The general rule is that the right of set-off against an insolvent bank is governed by the state of facts existing at the time of insolvency and not by conditions created afterwards. Therefore, a debtor of the bank will not be permitted to set-off against his debt a claim to a deposit assigned to him after its insolvency. * * *. And the receiver has no power to allow a set-off against a debt owing to the bank when the demand sought to be set-off was assigned to the debtor for that purpose after his appointment." *Cf.* 5 *Michie, lit.* "*Banks and Banking,*" *ch.* 9, *p.* 314, § 163.

The exposition of this principle is found in *Scott* v. *Armstrong,* 146 *U. S.* 499, 511, as follows:

"The state of case where the claim sought to be offset is acquired after the act of insolvency is far otherwise, for the rights of the parties become fixed as of that time, and to sustain such a transfer would defeat the object of these provisions. The transaction must necessarily be held to have been entered into with the intention to produce its natural result, the preventing of the application of the insolvent's assets in the manner prescribed. *Venango National Bank* v. *Taylor,* 56 *Pa. St.* 14; *Colt* v. *Brown,* 12 *Gray* 233." See, also, *Yardley* v. *Philler,* 167 *U. S.* 344, 360; *United States Fidelity and Guaranty Co.* v. *A. P. Wooldridge (Receiver*

of the *National Bank of Cleburne*), 268 *Id.* 234, 237; *Williams* v. *Rose*, 218 *Fed. Rep.* 898, 901; *Grant* v. *Fletcher*, 283 *Id.* 243, 264; *Springfield National Bank et al.* v. *American Surety Company of New York*, 7 *Fed. Rep.* (2d) 44, 45; *Kirkman* v. *Farmers' Saving Bank of Boyden (Iowa)*, 28 *Id.* (2d) 857, 862; *Clark Car Co.* v. *Clark et al.*, 48 *Id.* (2d) 169, 171; *Webster* v. *Sweat*, 65 *Id.* (2d) 109, 110; *City of Miami* v. *First National Bank of St. Petersburg, Florida*, 58 *Id.* (2d) 561, 562, and many other cases.

The principle herein enunciated has had the consideration and approval of the courts of our state. See *Van Wagoner et al., Receivers of Peoples Bank, &c.*, v. *Paterson Gas Light Co.*, 23 *N. J. L.* 283; it was recognized in *Crisp* v. *Dunn*, 56 *Id.* 355, although, under the situation in that case, the doctrine was inapplicable because of the condition of the record; see, also, *Roseville Tr. Co.* v. *Barney*, 89 *Id.* 550, and *Kanter* v. *Security Tr. Co.*, 110 *Id.* 361.

Thus it is apparent that a mere right to participate *pro rata*, in accordance with the statute, in the amount realized through the liquidation of the assets of the bank, cannot be transmuted into a legal claim, good for the entire amount of the credit transferred, by the assignment of such credit to a debtor of the bank in liquidation, so that such debtor might set it off in full against his debt. A claim in the hands of an assignee in these circumstances has no better standing than it had in the hands of its original owner. The claim cannot be enlarged by the talisman of assignment.

The appellants also argue that the counter-claim was in part valid and should have been recognized up to forty per cent. of the amount claimed thereon, since the commissioner of banking and insurance had been authorized on May 2d, 1932, by the Court of Chancery, to pay a dividend in that amount on the accounts in question. This argument on the part of the appellants is plainly an afterthought. It was not pleaded in the counter-claim nor do we find any mention of it in the affidavit filed to support the counter-claim on the motion to strike same. In the trial court, these appellants took the position that the amount of the assigned accounts

should be recognized in full as a set-off. The point, therefore, here made for the first time, that the counter-claim should have been recognized in such part, not having been presented to the trial court, will not be considered here.

The judgment of the court below is affirmed, with costs.

*For affirmance*—The CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 16.

*For reversal*—None.